IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PRISON LEGAL NEWS**, a project of the **HUMAN RIGHTS DEFENSE CENTER**,<br><br>    Plaintiff,<br><br>  v.<br><br>**COLUMBIA COUNTY; COLUMBIA COUNTY SHERIFF'S OFFICE; JEFF DICKERSON**, individually and in his capacity as Columbia County Sheriff,<br><br>    Defendants. | Case No.: 3:12-cv-00071-SI<br><br><br>**OPINION AND ORDER** |

Jesse Wing and Katherine C. Chamberlain, Macdonald, Hoague & Bayless, 1500 Hoge Building, 705 Second Avenue, Seattle, WA 98104; Lance Weber, Human Rights Defense Center, 1037 Western Avenue, Second Floor, West Brattleboro, VT 05303; and Marc D. Blackman, Ransom Blackman, LLP, 1001 S.W. Fifth Avenue, Suite 1400, Portland, OR 97204. Attorneys for Plaintiff.

Steven A. Kraemer and Gregory R. Roberson, Hart Wagner, LLP, 1000 S.W. Broadway, 20th Floor, Portland, OR 97205. Of Attorneys for Defendants.

**SIMON, District Judge.**

Before the court is a motion to compel production filed by Defendants Columbia County, the Columbia County Sheriff's Office, and Sheriff Jeffrey Dickerson (collectively, "Defendants"). Dkt. 61. In response to a discovery request, Plaintiff Prison Legal News ("PLN" or "Plaintiff") produced an e-mail, sent before this lawsuit began, from its editor to a third-party, discussing preparation for potential litigation against two Oregon county jails. One jail named in the e-mail is Columbia County Jail, which is administered by Defendants. Plaintiff redacted the name of the other jail. Defendants seek production of an unredacted version of this e-mail. They argue that identification "of the other jail is essential to [their] case and particularly to challenging [Plaintiff's] alleged . . . damages." Defs.' Memorandum in Support ("Defs.' Mem.") at 5 (Dkt. 62). Plaintiff responds that the redacted name is protected by the work product doctrine. The court finds that the redacted information is protected work product. The court also finds that Defendants have failed to establish that they have a substantial need for an unredacted copy of the e-mail sufficient to overcome the protections of the work product doctrine. Defendants' motion to compel production, Dkt. 61, is, therefore, DENIED.

**DISCUSSION**

The work product doctrine is "designed to balance the needs of the adversary system: promotion of an attorney's preparation in representing a client versus society's general interest in revealing all true and material facts to the resolution of a dispute." *In re Martin Marietta Corp.*, 856 F.2d 619, 624 (4th Cir. 1988). To qualify for work product protection, documents must be prepared in anticipation of litigation and "be prepared by or for another party or by or for that other party's representative." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (internal quotation marks and citation omitted). In the Ninth Circuit, documents "prepared or obtained

*because of* the prospect of litigation" qualify as documents prepared in anticipation of litigation.

*In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004)

(emphasis added) (internal quotation marks and citation omitted). The party asserting work

product protection has the burden to prove that the doctrine applies. *Resolution Trust Corp. v.

Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("The party asserting a work product privilege as a

bar to discovery must prove the doctrine is applicable.").

The work product doctrine does not absolutely bar discovery of factual material.[1]

*Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989). A

party may discover work product when "it has substantial need for the materials to prepare its

case and cannot, without undue hardship, obtain their substantial equivalent by other means."

Fed. R. Civ. P. 26(b)(3)(A)(ii). To demonstrate that it has a "substantial need" to discover work

product, a party must establish "that the facts contained in the requested documents are essential

elements of the requesting party's prima facie case." 6 MOORE'S FEDERAL PRACTICE,

§ 26.70[5][c] (Matthew Bender 3d Ed.); *see, e.g.*, *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503,

510 (S.D. Cal. 2003) (a party does not have a substantial need for documents when they are

sought only for impeachment purposes). The requesting party must also establish that

"substantially equivalent" information is not readily available by other means. *See, e.g., Baker v.

Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Discovery of a witness statement to

an attorney is generally not allowed if that witness is available to the other party."); *cf. Admiral*

---

[1]  This discussion only concerns the discovery of factual material. A party seeking
discovery of "opinion work product"—*i.e.*, the "plans, strategies, tactics, and impressions" of the
opposing party or its attorney, *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1375 (Fed. Cir. 2007)—
"must make a showing beyond the substantial need/undue hardship test required under Rule
26(b)(3) for non-opinion work product." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d
573, 577 (9th Cir. 1992). The parties do not contend that the unredacted e-mail or the name of
the redacted jail is opinion work product.

*Ins. Co.*, 881 F.2d at 1494 ("when a party makes a substantial showing that he is unable through his efforts to obtain needed information, the balance of equities shifts in favor of disclosure of trial preparation materials"); *Castaneda v. Burger King Corp.*, 259 F.R.D. 194, 197 (N.D. Cal. 2009) (defendant's surveys protected by work product were discoverable because plaintiffs could not replicate those surveys).

In their First Request for Production, Defendants requested copies of correspondence "to and from Lucy Lennox relating to her mailings of PLN web articles to inmates at the Columbia County Jail and to her recruitment by PLN to assist it." Dkt. 63-2, pg. 4. In response, Plaintiff produced an e-mail sent from its editor, Paul Wright, to Lucy Lennox dated December 10, 2011. The e-mail states in part:

> [W]e are in the process of challenging the postcard only policies at the Columbia and [Redacted] jails in Oregon.
>
> We expect them to pull some of the same stunts that Spokane did to avoid the prospect of their policy being found unconstitutional. Are you interested in doing the same as we did in Spokane which is to print out an article from our website and send it to some prisoners at each jail. . . .
>
> This will help lock in our claims against the jails to ensure we get the postcard policy reversed.

Dkt. 63-1. As indicated above, Plaintiff redacted the name of the other jail in Oregon.

Defendants first argue that the e-mail is not work product because it was not written in anticipation of litigation: "This email was not prepared by Paul Wright 'because of' an anticipation of litigation, but was instead simply a solicitation to Ms. Lennox asking if she would be interested in sending material to the jails." Defs.' Mem. at 4. The court disagrees. The text of the e-mail indicates that Plaintiff anticipated litigation. Mr. Wright discusses "challenging" jail policies; he speculates that the jails will wish to avoid "the prospect of their policy being found unconstitutional"; and he asks for Ms. Lennox's help to "lock in our claims against the jails."

Page 4 – OPINION AND ORDER

Terms such as "challenge," "found," "unconstitutional," and "claims," when used in this context, are indicative of an anticipation of litigation. Thus, the e-mail, including the redacted name of the other jail, is work product.

Defendants next argue that even if the e-mail is work product, they have a substantial need to know the identity of the redacted jail in order to address one of Plaintiff's bases for damages. Plaintiff claims that "Defendants' unconstitutional mail policy and censorship of incoming and outgoing prisoner mail caused PLN to divert time and resources to investigate the extent and nature of Defendants' mail policy and censorship practices." Dkt. 63-4, pg. 7 (Plaintiff's initial disclosures). Plaintiff claims nearly $24,000 in damages for diverted time and resources. *Id.* According to Defendants, identification "of the other jail is essential to . . . challenging" this claim. Defs.' Mem. at 5. Defendants argue that identifying the other Oregon jail will allow Defendants to "challenge PLN's assertion that sending mail and speaking to inmates at the Columbia County Jail was a 'diversion' of resources, and challenge PLN's assertion of the amount of time spent on these activities." Defs.' Mem. at 3-4.

Defendants have not demonstrated a substantial need to learn the name of the other jail by obtaining an unredacted copy of the e-mail. First, Defendants might readily obtain the same information contained in the e-mail by other means. Defendants could, for example, contact the other county jails in Oregon and inquire whether they use a postcard-only mail policy and whether inmates have received mail from PLN or Ms. Lennox. More importantly, however, even if Defendants could not obtain the same information by others means, Defendants have failed to demonstrate that the name of the other Jail is an essential element of their prima facie defense. Although Defendants do not explicitly describe how the name of the other jail will aid their defense, presumably they have two purposes in mind: They may wish to compare the amount of

time Plaintiff spends preparing litigation to the amount of time Plaintiff spends on other tasks, or they may wish to compare the amount of time Plaintiff spent sending mail to the Columbia County Jail to the amount of time Plaintiff spent sending mail to the other jail. In either case, Defendants should be able to obtain this sort of information by inquiring of Plaintiff generally, even if Defendants do not learn the name of the other jail.

Accordingly, the court concludes that the redacted information in Mr. Wright's e-mail to Ms. Lennox is work product and that Defendants have failed to demonstrate that they have a substantial need to obtain an unredacted copy of that e-mail.

## CONCLUSION

Defendants Motion to Compel, Dkt. 61, is **DENIED.**

IT IS SO ORDERED.

Dated this 19th day of June, 2012.


/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge