Katherine C. Chamberlain, OSB #042580
katherinec@mhb.com
Jesse A. Wing, *pro hac vice*
jessew@mhb.com
Of Attorneys for Plaintiff Prison Legal News
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104-1745
(206) 622-1604

Marc D. Blackman, OSB #730338
marc@ransomblackman.com
Of Attorneys for Plaintiff Prison Legal News
Ransom Blackman LLP
1001 SW 5th Ave., Suite 1400
Portland, OR 97204
(503) 228-0487

Lance Weber, *pro hac vice*
lweber@humanrightsdefensecenter.org
Of Attorneys for Plaintiff Prison Legal News
Human Rights Defense Center
1037 Western Ave., 2nd Floor
West Brattleboro, VT 05303
(802) 257-1342

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>        Plaintiff,<br><br>        v.<br><br>COLUMBIA COUNTY; COLUMBIA COUNTY SHERIFF'S OFFICE; JEFF DICKERSON, individually and in his capacity as Columbia County Sheriff,<br><br>        Defendants. | No. 3:12-CV-71-SI<br><br><br><br><br><br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

## I.    INTRODUCTION

This case was of exceptional importance to protecting the First Amendment and Fourteenth Amendment rights of prisoners, their families and friends, and of publishers like Prison Legal News. The Court's order granting declaratory and injunctive relief has broken new ground, as the first ruling in the nation to hold a postcard-only policy unconstitutional. Throughout the litigation this has been PLN's overarching goal. Wing Declaration ¶1.

PLN had to prove that the government failed even to meet the lowest standard for constitutionality—the rational basis test, and to overcome jail officials' mantra that courts afford them deference. A great deal was at stake and the obstacles were substantial. PLN's counsel had to rigorously and fully investigate and prosecute this action. PLN respectfully requests the Court please award the fees earned by its counsel in this fully successful endeavor. *Id*.

As the prevailing party under 42 U.S.C. §1988, and under the Final Judgment entered on May 28, 2013, Dkt. 220, Prison Legal News respectfully moves for an order awarding it $826,313 in attorney fees and $38,373.01 in costs, to be paid by Defendants.

## II.    FACTS

Through PLN's lawsuit, in operating the Columbia County Jail the Court held that Defendants Sheriff Dickerson, the Columbia County Sheriff's Office, and Columbia County violated the First and Fourteenth Amendment rights of prisoners and their correspondents, including PLN. The Court found that they long enforced an unconstitutional ban on magazines and incoming and outgoing mail not in the form of a postcard. And Defendants had a policy and practice of failing to afford due process notice and an opportunity to be heard.

After Defendants censored mailings of PLN, PLN and its legal team initiated an investigation of mail practices of the Columbia County Jail. Wing Dec. ¶32. The Jail repeatedly censored PLN's mail but did not do so consistently and did not afford due process notice so PLN had to investigate what the Jail was actually censoring and when--a time-intensive but essential effort. *Id*. Although the Jail publicly announced it had adopted a postcard-only policy, the Jail

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

had likewise announced publicly that it had a ban on magazines, but they argued it had no such policy, *id.* ¶36, showing the need for PLN's thorough investigation and careful documentation.

PLN investigated not only the censorship of its mailings but also those of third parties to prisoners, and gathered prisoners' experiences with the Jail's incoming and outgoing mail policies, the Jail's censorship of protected speech, and the Jail's failure to provide constitutionally adequate due process notice. Wing Dec. ¶¶32-33. It was a very large job to collect, organize, and prepare all the censored items so as to provide a lucid and detailed account of the censorship and to show the lack of due process notice and opportunity to be heard, which was set forth in scrupulous detail in PLN's 30-page Complaint. *Id*.

A successful civil rights case of this type requires considerable work, which, ifconducted up front, is a powerful start to litigation and an extremely efficient use of attorney time, as thorough pre-filing preparation usually secures admissions of the constitutional violations in the Defendant's Answer, and educates the Defense on the strength of the Plaintiff's case facilitating early settlement discussions and resolution and avoiding the expense of protracted litigation. *Id*.

Defendants were continuing to violate the Constitution so at the inception of the litigation, in January 2012, PLN asked Columbia County to stipulate to a preliminary injunction that PLN provided to County Counsel with supporting documentation. *Id.* ¶35; **Exhibit 5** thereto. The stipulation is similar to the Final Judgment. *See* Dkt. 220. Defendants declined the proposed stipulated preliminary injunction, necessitating that PLN file its motion. Wing Dec. ¶36. Although the County then adopted a new mail policy allowing magazines, it denied ever having a magazine ban and its new policies on due process were grossly inadequate leading to additional violations. *Id.* ¶37.

Beyond that, the County vigorously defended its postcard-only policy, challenged PLN's standing in its own right and third-party standing to represent the interests of prisoners and their families and friends, and argued mootness. *Id.* ¶36. After PLN's reply brief and oral argument, the Court held that PLN had first-party and third-party standing and that its claims were not

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

moot, and the Court preliminarily enjoined Defendants' enforcement of their Postcard-Only mail policy. *Id.*

PLN had to conduct thorough discovery on all three of its legal claims. *Id.* ¶38. Defendants have consistently denied any liability for their Postcard-Only Policy. And although they have contended that they admitted liability for other violations, in their Answer, they only acknowledged that certain mailings were sent and rejected and acknowledged what the Jail stamped or wrote on the mailings, but never admitted that specific policies and practices violated the Constitution. *See id.*; Dkts. 25, 80. Indeed, throughout the litigation and even at trial, Defendants denied they had a policy of banning magazines and one that did not afford due process. Wing Dec. ¶38. Likewise, Defendants asserted that Columbia County was not responsible for the actions of the Sheriff or his Department and, even on the stand, the Sheriff did not clearly admit that the rejection of each PLN mailing violated the First and Fourteenth Amendments. *Id.* ¶39.

Accordingly, it was necessary to engage in significant written discovery and conduct a number of depositions—which both parties did. *Id.* ¶¶39-45. This included review of thousands of documents from Defendants and their serially issued new versions of their mail policies, attachments, and inmate manuals required careful scrutiny and evaluation. *Id.* ¶37. It also involved several disputes, especially over production of core evidence in ESI format and of inmate files and emails. *Id.* ¶¶41-42. PLN's counsel also had to expend considerable time preparing responses to several sets of discovery from Defendants. *Id.* ¶43.

PLN's counsel worked diligently to resolve discovery, liability, and damages disputes with the defense thereby minimizing court involvement and the fees associated with litigating the case. *Id.* ¶46. And PLN was successful as to a number of discovery issues and ultimately in resolving damages so as to avoid incurring the fees and costs of a second trial on damages alone. *Id.* But to resolve issues with the Defendants often required considerable time-consuming efforts through email, letters, and telephone calls incurring substantial fees. *Id.*

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 4

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

And ultimately, Defendants declined to work out many very time-consuming aspects of this case, requiring court intervention. *Id*. ¶47. As explained in some detail in the Declaration of Jesse Wing, *id*., these interventions included: (1) Motion for Preliminary Injunction, (2) motion to amend preliminary injunction order, (3) Defendants' request for protective order to disclose inmate files, (4) Defendants' motion to invade PLN's protected work product, (5) dispute over PLN conducting a combined Jail mail inspection/Rule 309(b)(6) deposition, (6) amendment to Defendant's Answer, (7) summary judgment on Defendants' affirmative defense of failure to mitigate damages, (8) summary judgment on the merits of PLN's claims, (9) Plaintiff's Applications for Writs Ad Testificandum, (10) trial, (11) Post-trial Memoranda, (12) the proposed Final Judgment, and (13) the many pretrial filings and counter-filings required by the Court's Scheduling Order: Trial Exhibits, Detailed Witness Statements, Substantive Evidence Deposition Designations, Itemized List of Special Damages, Trial Brief, Motions in Limine, Voir Dire Questions, Jury Instructions, Verdict Forms, Suggested Findings of Fact and Conclusions of Law, Impeachment exhibits, Neutral Statement of the Case. *Id*.

PLN consistently attempted to avoid these court interventions and to reduce the fees and costs of this case. For example, in addition to proposing the stipulated preliminary injunction at the outset of the case, months before filing summary judgment, PLN presented Defendants with a lengthy (17-page) stipulation to obviate the need for filing summary judgment, but Defendants declined. *See id*. ¶47D; Exhibits 7, 8, and 12 thereto. PLN also proposed stipulating to the testimony of several witnesses to save trial time, to which Defendants responded they did not have time to consider PLN's request. Wing Dec. ¶47E; Exhibits 9-10 thereto.

Defendants took an aggressive approach to defending their misconduct, forcing PLN to litigate and brief a multitude of issues, thereby driving up the costs and fees incurred in this case.

PLN tried to secure a meaningful resolution through settlement, but was unsuccessful. Wing Dec. ¶48. Now, after a successful trial and entry of Final Judgment on May 28, 2013, PLN seeks its reasonable attorney fees.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 5

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

## III.    ARGUMENT

The prevailing party in a civil rights suit is entitled to a reasonable attorney fee.  42 U.S.C. § 1988; *Leeds v. Watson*, 630 F.2d 674, 677 (9th Cir. 1980) ("the Act was designed to provide for awards of attorney fees in 'private attorney general' types of claims."); *see*, *also*, *Ackerley Communications v. City of Salem*, 752 F.2d 1394, 1396 (9th Cir. 1985) (discussing congressional purpose).  The United States Supreme Court has recognized:

> Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.…And, Congress has determined that "the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff...."
>
> "If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers."

*City of Riverside v. Rivera*, 477 U.S. 561, 574-75 (1986) (internal citation omitted) (affirming fee award of $245,456.25 for damages recovered of $13,300).  So, "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."  *Id*. at 575; *see also, Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (recognizing Congress's intent that "if those who violate the Nation['s] fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.").

A prevailing plaintiff "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  PLN prevailed and should recover its reasonable fees and costs.

A.    **The Lodestar Establishes a Presumptively Reasonable Fee**

"In determining a reasonable attorney's fee, the district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *McGrath v. Cty of Nevada*, 67 F.3d 248, 252 (9th

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

Cir. 1995); *Hensley*, 461 U.S. at 433.  There is a "strong presumption" that the lodestar amount constitutes a reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  After determining the lodestar, the Court assesses whether it is necessary to adjust that presumptively reasonable amount.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]

### 1. Counsel's Hourly Rates are Reasonable.

In support of this Motion are the Declarations of Jesse Wing, Lance Weber, and Marc Blackman, setting forth the skill, experience, rates, number of hours and work performed, case complexity, and need for the time expended. Specifically, PLN seeks fees at the following hourly rates: Jesse Wing, attorney ($400); Marc Blackman, attorney ($400); Katie Chamberlain, attorney ($300); Lance Weber, attorney ($350); Alissa Hull, attorney ($210); Carrie Wilkinson, paralegal ($125); Kara McBride, paralegal ($90); and Zach Phillips, paralegal ($105).

"[A] critical inquiry in determining a reasonable attorneys' fee for purposes of § 1988 is the reasonable hourly rate…."  *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 -1263 (9th Cir. 1987) (internal cites omitted).

> The prevailing market rate in the community is indicative of a reasonable hourly rate….  The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

*Id*.  In the District of Oregon, "the Court uses the most recent Oregon State Bar Economic Survey as its initial benchmark."  Practice Tip to LR 54-3.  "Attorneys may argue for higher rates based on inflation, specialty, or other factors."  *Id*.

---

[1] Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, (12) awards in similar cases, and (13) the complexity and importance of the case in its posture on appeal.  *Id*.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

The rates sought by PLN are in line with prevailing rates in the relevant community of Portland, Oregon and fall at or very close to the 75th percentile of The Oregon State Bar 2012 Economic Survey:[2]

| Counsel | Practice | Rate | 25th% | 75th% | 95th% |
| --- | --- | --- | --- | --- | --- |
| Marc Blackman | 39 years | $400 | $275 | $400 | $500 |
| Jesse Wing | 21 years | $400 | $251 | $399 | $470 |
| Lance Weber | 15 years | $350 | $261 | $379 | $435 |
| Katie Chamberlain | 8 years | $300 | $225 | $295 | $375 |
| Alissa Hull | 2 years | $210 | $163 | $198 | $246 |

Wing Dec. ¶¶26-27, Ex. 4 at pp. 29-30. PLN's counsel is asking for the rates that they customarily charge clients who pay them by the hour. *Id*.; Blackman Dec. ¶3.

Moreover, Prison Legal News submits eight declarations of Oregon attorneys—including prominent Portland litigation attorneys and fee experts—establishing the reasonableness of the rates sought for the attorneys and paralegals who worked on this case. *See* Bernick Dec. ¶¶10-12; Hinkle Dec. ¶¶8-11; Lynch Dec. ¶¶ 6-10; Markowitz Dec. ¶¶8-19; Meyer Dec. ¶¶ 4-6; Skerritt Dec. at pp. 4-5; Sullivan Dec. ¶¶18-27; and Wilson Dec. ¶¶ 5-6.

> 2.    **PLN Has Submitted Extensive Documentation Showing the Hours Spent Investigating, Preparing, and Litigating the Claims against Defendants.**

PLN has filed ample documentation in support of the work performed by its attorneys and paralegals as described above in this Motion. A summary of the total hours worked, timekeeper rates, and total fees are set forth in the Declaration of Jesse Wing, ¶23. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The contemporaneously created time records submitted with Wing Declaration ¶¶22, 25, Exhibits 3, 14 thereto; Weber Dec., ¶7, Exs B, D, and E thereto, Blackman Dec. ¶5, Ex. B thereto, detail the tasks performed by each attorney and paralegal. Plaintiff seeks payment of $826,313 in total fees.

Oregon attorneys Gregory Lynch of Miller Nash LLP and Daniel Skerritt of Tonkin Torp LLP have reviewed case materials and hours expended by PLN's counsel and staff, and opine the hours spent on this case are reasonable. *See* Lynch Dec. ¶¶9-11; Skerritt Dec. at pp. 5-7.

---

[2] This survey may not provide an accurate account of market rates. Markowitz Dec. ¶¶4-9.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 8

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

### 3.     Counsel Efficiently Allocated Tasks and Avoided Unreasonable Duplication.

PLN's attorneys at MHB performed the majority of the work and assigned and handled tasks efficiently. *See* Wing Dec. ¶¶49-54.  PLN's in-house counsel, attorneys Lance Weber and Alissa Hull, who litigate these issues across the Country, strategized on the investigation, provided essential information from PLN for discovery, reviewed final pleadings, strategized filings and evidentiary matters before, during, and trial.  *Id*. ¶51. Local Counsel Marc Blackman facilitated the filing and service of the Complaint and provided essential advice on important strategic and practice issues before, during, and after trial.  *Id*. ¶51.

Independent leading Oregon litigators, Gregory Lynch and Daniel Skerritt, agree this case was handled efficiently and the fees are reasonable.  Lynch Dec. ¶ 9; Skerritt Dec. at p. 5.

### 4.     Prison Civil Rights Litigation is Undesirable, Complex, and Important.

Prisoners' rights are unpopular; representing a publisher advancing such rights is equally unpopular.  Wing Dec. ¶57. Few lawyers have experience with and take prison censorship cases, which involve a specialized body of law that encompasses 42 U.S.C. §1983, qualified immunity, *Monell* liability, and the PLRA. *Id*. ¶58. They involve challenging and complex Constitutional and prudential issues of standing, mootness, injunctive, and declaratory relief.  *Id*. And since the most deferential standard possible, the *Turner v. Safely* test, applies to most prison censorship issues these cases are widely perceived as undesirable and highly risky by most lawyers.  *Id*.

This contingent fee case presented substantial risk to Plaintiffs' counsel's firm.  *Id*. ¶58. To prepare for and navigate numerous defenses to a successful outcome required great skill, knowledge, and experience. *Id*. ¶59. Experienced civil rights lawyers can only afford to do this work because the courts order payment of the fees they incur at the rates they charge.  *Id*.

As Defendants have repeatedly pointed out, a number of courts had held postcard-only policies constitutional rendering this case exceptionally risky.  And this case was relatively complex, requiring a lengthy and detailed investigation, interviewing, corresponding with, and relying on the declarations and testimony of prisoners and third parties, overcoming numerous defenses, and resolving favorably complicated legal issues through extensive briefing and a trial.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 9

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

### 5. Counsel Have Unique Experience and Ability, and a Long-Standing Relationship with Prison Legal News.

Plaintiff's counsel have represented PLN for more than ten years. In investigating, preparing, and litigating this case, its attorneys relied on their experience and knowledge from litigating similar successful cases. Wing Dec. ¶57; Blackman Dec. ¶¶6-7; Weber Dec. ¶¶4-5, 8.

### 6. Counsel Exercised Billing Judgment and Have Already Reduced Their Fees.

The time that PLN requests was reasonably necessary to achieve victory. In computing the lodestar amount, PLN's counsel carefully exercised billing judgment reducing their fees where time arguably could have been more efficiently spent. Wing Dec. ¶¶28-29; Weber Dec. ¶¶7, 14. As a result, the fees sought by MacDonald Hoague & Bayless, $645,069.50, are a reduction by 7%, Wing Dec. ¶29; similarly, the fees sought by HRDC, $131,113.50 are a reduction by more than 13%. So, PLN's fee request is a conservative loadstar.

Plaintiff's counsel earned and is entitled to the fees requested. *See* Wing Dec. ¶¶30-47.

## B. Recovery of Costs

Under 42 U.S.C. § 1988, PLN is entitled to all reasonable out-of-pocket costs incurred, *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994), and to recover its costs under FRCP 54(d)(1). All costs sought, totaling $38,373.01, are reasonable and customarily charged to and paid by hourly clients and are explained in Wing Dec. ¶¶24, 55-56, Exhibit 13 thereto; Weber Dec., ¶15, Ex. F thereto; and Blackman Dec. ¶5, Ex. B thereto.

## IV. CONCLUSION

As prevailing party, and under the terms of Judgment entered, PLN respectfully requests an award of $826,313 in attorneys' fees and $38,373.01 in costs.

DATED this 11th day of June, 2013.

MACDONALD HOAGUE & BAYLESS

    */s/ Jesse Wing*
JESSE WING
Admitted *Pro Hac Vice*
(206) 622-1604
Of Attorneys for Plaintiff Prison Legal News

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2013, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Marc D. Blackman**
  marc@ransomblackman.com,pat@ransomblackman.com
- **Steven A. Kraemer**
  sak@hartwagner.com,rcd@hartwagner.com
- **Gregory R. Roberson**
  grr@hartwagner.com,cej@hartwagner.com
- **Lynn S. Walsh**
  walsh@europa.com
- **Lance Weber**
  lweber@humanrightsdefensecenter.org,ahull@humanrightsdefensecenter.org

MACDONALD HOAGUE & BAYLESS

*/s/ Jesse Wing*
KATHERINE C. CHAMBERLAIN
OSB #042580
JESSE WING
Admitted *Pro Hac Vice*
(206) 622-1604
Of Attorneys for Plaintiff Prison Legal News

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (CV 12-71-SI) - 11

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.05 gf106701